LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiffs
880 Third Avenue
New York, New York 10022
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| DWAYNE CREARER, | : | 05 Civ. 10599 (LBS) (HBP) |
| | : | |
| Plaintiff, | : | **COMPLAINT AND** |
| | : | **DEMAND FOR JURY TRIAL** |
| - against - | : | |
| | : | |
| METROVISION PRODUCTION GROUP, | : | |
| LLC and JOHN BROWN, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Dwayne Crearer (hereinafter "Crearer"), individually and on behalf of all others similarly situated, by his attorneys, Levy Davis & Maher, LLP, complains of defendants, Metrovision Production Group, LLC (hereinafter "Metrovision") and John Brown (hereinafter "Brown") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, on behalf of himself and other current and former employees of defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), complains pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York Minimum Wage Act, Article 19 of the Labor Law of the State of New York, ("Labor Law" or "NYMWA"), that he is owed back wages from defendants for overtime work for which he did not receive any overtime premium pay. Plaintiff further

complains pursuant to the NYMWA that he was discharged from employment in retaliation for complaining to his employer that he was not being paid overtime premium pay in violation of the FLSA and the Labor Law.

## JURISDICTION AND VENUE

2.     Plaintiff invokes the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216, and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.      The venue of this action is proper because plaintiff performed labor and services at premises maintained by the defendant in the Southern District of New York, i.e., a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## PARTIES

4.     Metrovision is a domestic limited liability corporation organized under the laws of the State of New York. Metrovision provides video, film, transmission and presentation services to producers of motion pictures and television. Metrovision has its principal place of business in the City, County and State of New York.

5.     Brown is a natural person, who is, upon information and belief, employed by Metrovision as an executive or manager. At all relevant times, Brown supervised and directed plaintiff's work for defendants.

6. Defendants were Plaintiffs' joint employers, in that Brown, at all relevant times, supervised plaintiff's work and/or delegated the supervision thereof.

7. Defendants were both, and are both, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

8. Crearer is a natural person, currently residing in the County of Kings, City and State of New York. From September 1999 until October 2005, Crearer was employed at Metrovision, most recently as a field technician.

9. Plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendant at any time between December 16, 2002 and the present (the "Collective Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

10. Crearer was engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that plaintiff worked for defendant as a field technician, preparing equipment for rentals and repairing broadcast equipment.

11. Defendant was, at all relevant times, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

12. Crearer regularly worked in excess of 40 hours in the workweek. However, he was not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

13. In approximately October 2004, Mr. Crearer complained that he had worked in excess of 40 hours per week, but had not been properly compensated therefor.

14. Following that complaint, Metrovision changed the basis of plaintiff's compensation from an hourly wage to a salary. From approximately October 2004 until the end of Crearer's employment, defendant purported to pay plaintiff a salary. Mr. Crearer demanded that Metrovision pay him overtime premium pay as required by the Fair Labor Standards Act.

15. In or about October 2005, Metrovision terminated Mr. Crearer's employment on account of a purported bad attitude with respect to scheduling as well as alleged lateness.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 15 of this Complaint.

17. Plaintiff and his similarly situated coworkers frequently worked over forty hours in a workweek.

18. Although plaintiff and his similarly situated coworkers worked, at all relevant times, over forty hours in a workweek, they were not paid overtime premium pay for all of the hours worked in excess of forty hours in a workweek.

19. Plaintiff and his similarly situated coworkers are entitled to one and one-half of their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 19 of this Complaint.

21. The failure of defendant to properly compensate plaintiff and his similarly situated coworkers for overtime work as required by the Fair Labor Standards Act was willful.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

22. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 21 of this Complaint.

23. Plaintiff has not been paid overtime premium pay for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y. Labor Law §§ 190 et seq.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

24. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 23 of this Complaint.

25. The failure of defendants to properly compensate plaintiff for earned wages and overtime work as required by the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y. Labor Law §§ 190 et seq. was willful.

### AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

26. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 25 of this Complaint.

27. Defendant discharged and/or discriminated against plaintiff because he made a complaint that he had not been paid in accordance with the NYMWA.

28. Metrovision violated the NYMWA when it discharged Mr. Crearer in retaliation for his complaint of underpayment.

### AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION

29. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 28 of this Complaint.

30. Defendant willfully violated the Labor Law by discharging Mr. Crearer in retaliation for his complaint of unlawful pay practices.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

1. Directing payment of back pay by defendant to plaintiff and such persons as may opt in to this action;

2. Directing defendant to pay liquidated damages under the FLSA to plaintiff and such persons as may opt in to this action;

3. Directing defendant to pay liquidated damages under the New York Labor Law;

4. Directing payment by defendant of pre-judgment interest;

5. Granting a permanent injunction enjoining Metrovision and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the Plaintiff and such persons as may opt in to this action as secured by the FLSA and the New York Labor Law;

6. Awarding plaintiff the costs of this action together with reasonable attorneys'

fees; and

      7.  Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       December 16, 2005

                    Levy Davis & Maher, LLP

                    By:_____/s/_____

                    Jonathan A. Bernstein (JB 4053)
                    Attorneys for Plaintiff
                    880 Third Avenue
                    New York, New York 10022
                    Tel:  (212) 371-0033